IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN ROBERTS,

    Petitioner,

vs.

KEN CLARK, Warden,

    Respondent.[1]

                                /

No. CIV S-04-2232 MCE EFB P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He proceeds on the April 5, 2005, first amended petition. Respondent moves to dismiss on the grounds that this action is untimely and that petitioner failed to exhaust the available state remedies. *See* 28 U.S.C. §§ 2244(d), 2254(b). For the reasons explained below, the court finds that some claims in the petition are untimely. Additionally, the court further finds that those claims that are timely are unexhausted. Accordingly, the motion must be granted.

////

////

---

[1] The court hereby substitutes Ken Clark, Warden of the facility where petitioner currently is locate, as the respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1

## I. Procedural History

On October 7, 1998, petitioner entered a plea of guilty to a charge of lewd and lascivious conduct in violation of section 288(a) of the California Penal Code. Docs. Lodged in Supp. of Resp.'s April 7, 2006, Mot. to Dism. ("Lod. Doc."), 1. On December 17, 1998, the court adjudicated him guilty, sentenced petitioner to eight years in prison, but suspended execution thereof in favor of placing petitioner on five years' formal probation. *Id.* Petitioner attempted to appeal. Lod. Doc. 2. On January 19, 1999, the trial court notified petitioner that his notice of appeal did not comply with the rules of court. Lod. Doc. 3.

On August 3, 1999, petitioner's probation officer filed a petition to revoke probation and requested a bench warrant. Lod. Doc. 4. The trial court issued a warrant in August of 1999, which was served on petitioner in December of 2001. Lod. Doc. 5. On December 21, 2001, the trial judge found that the facts supported the allegations in the petition, and on January 18, 2002, issued an order revoking probation and revoking the order suspending execution of the sentence. Lod. Doc. 6. Petitioner appealed, and on September 18, 2002, the appellate court modified the order by revoking all visitation rights petitioner had with the victim, but affirmed it in all other respects. Lod. Doc. 8. Petitioner sought review in the California Supreme Court. Lod. Doc. 9. On December 11, 2002, the California Supreme Court denied the petition. Lod. Doc. 10.

Petitioner sought post-conviction relief in the state courts but the sequence of his petitions followed a peculiar course. On November 18, 2002, he filed in the appellate court a petition for a writ of habeas corpus challenging the legality of the revocation of parole. He also alleged a failure accurately to calculate credits for time in custody and time on parole. Lod. Doc. 11. That court denied relief without comment or citation on December 12, 2002. Lod. Doc. 12.

On January 2, 2003, he filed a petition for a writ of habeas corpus in the trial court. Lod. Doc. 13. This petition challenged the calculation of time credits for his sentence, trial counsel's effectiveness with regards to the determination of the credits to which he was entitled, the voluntariness of his plea of guilty in the first place and counsel's effectiveness in the proceedings

leading to the guilty plea. *Id.* On January 14, 2002, the trial court denied the writ on the ground that the petition did not comply with the rules of court. Lod. Doc. 14.

Petitioner returned to the appellate court on January 17, 2003, by filing a notice of appeal of the trial court's order denying the petition for a writ of habeas corpus. Lod. Doc. 15. On April 15, 2003, he notified the appellate court that he wished voluntarily to dismiss the appeal. Lod. Doc. 16. The appellate court entered an order of dismissal on April 16, 2003. *Id.* Also on April 16, 2003, he filed a petition for a writ of habeas corpus in the appellate court, in which he challenged his conviction, the revocation of his parole and the calculation of time credits to which he was entitled. Lod. Doc. 17. On April 24, 2003, the appellate court denied this writ with a citation to *In re Hillery*, 202 Cal.App.2d 293 (Cal. App. 1962).

On September 18, 2003, he filed a petition for a writ of habeas corpus in the California Supreme Court challenging his conviction, the revocation of his parole and the calculation of time credits to which he was entitled. Lod. Doc. 19. On March 17, 2004, that court denied relief with citations to *In re Swain*, 34 Cal.2d 300, 304 (Cal. 1949) and *People v. Duvall*, 9 Cal.4th 464, 474 (Cal. 1995).

On October 20, 2004, petitioner filed his initial petition for a writ of habeas corpus in this court. As grounds for relief, he alleged the following: (1) trial counsel coerced him into entering a plea of guilty; (2) the trial court's decision to deny his motion to withdraw his plea violated due process; (3) his prison sentence does not accurately reflect credit for the time he was in custody before he entered his plea; (4) trial counsel failed to raise on direct appeal the failure properly to calculate time credits; (5) his prison sentence does not accurately reflect credit for the time he was on probation or for the time he was in custody before the revocation hearing; (6) counsel who appealed the order revoking probation was ineffective for failing to raise the failure properly to calculate time credits; and, (7) trial counsel was ineffective for failing to file a motion to suppress statements made during custodian interrogation.

////

Petitioner's April 5, 2005, amended petition is nearly identical to the initial petition. However, he included attachments not submitted with the initial petition.

## II. Statute of Limitations

Respondent contends that the initial petition was filed late. Analysis of whether a federal habeas action is timely must begin with a determination of when the limitations period commenced. Most commonly, the event that triggers the running of the limitations period is the time the judgment becomes final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, respondent asserts that petitioner in fact challenges two judgments, i.e., the adjudication of guilt and imposition of sentence, and the order revoking probation and directing that the sentence be executed. An argument that a single act or course of conduct leading to criminal charges, trial, conviction and sentence could result in more than one judgment of conviction is, at best, curious. However, California law specifies which order constitutes the final judgment for purposes of appeal in a situation where, such as here, the sentence is imposed but suspended in favor of probation. Thus, the court must consider how California treats the orders in question to determine what portion of 28 U.S.C. § 2244(d)(1) triggers the running of the limitation period.

## III. Standards

Congress has enacted the following limitation period applicable to petitions brought under 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run fro the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by the State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action'
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The term "judgment" in subsection (d)(1)(A) "refers to the judgment of conviction and sentence," and "direct review" refers to the direct appellate review of that judgment. *Redd v. McGrath*, 343 F.3d 1077, 1081 (9th Cir. 2003).

  Respondent argues that there are two judgments in this case. Insofar as petitioner challenges the conviction, the date the judgment of conviction became final on direct review controls. However, to untangle respondent's argument, it is necessary to consider how California treats the two orders at issue in this case. The first order adjudicates petitioner guilty, imposes a specific sentence, but suspends execution the sentences and places him on probation. The second order revokes probation and the suspension of the execution of sentence, and imposes the prison term imposed.

  The first order is the judgment of conviction and sentence referred to in 28 U.S.C. § 2244(d)(1)(A). In California, a defendant to a criminal action may ordinarily take an appeal from "a final judgment of conviction" and from "any order made after judgment, affecting the substantial rights of the party." Cal. Pen. Code § 1237(a), (b). The term "final judgment" includes an order imposing a sentence and an order granting probation. *Id.* Thus, an order adjudicating defendant's guilt and imposing sentence, but suspending the execution of sentence for the defendant to serve a term of probation is a judgment of conviction from which the defendant may appeal. *People v. Arguello*, 30 Cal.Rptr. 333, 381 (Cal. 1963); *People v. Munoz*, 124 Cal. Rptr. 322, 325 (Cal. App. 1975). Once this right to appeal accrues, the defendant must timely "raise all matters going to the validity" of the conviction. *Munoz*, 124 Cal. Rptr. at 325. Thus, the order immediately following petitioner's guilty plea, which adjudicated him guilty, imposed an eight-year sentence, but suspended the sentence to give petitioner the opportunity successfully to complete five years' probation was a final judgment that petitioner could appeal, assuming he followed the applicable court rules.

1  Under California law, an order that revokes probation and revokes the suspension of
2  sentence is an order *after* judgment which affects "the substantial rights of the defendant." *Id.*, at
3  325, fn. 1. Therefore, while respondent is correct that petitioner challenges two different orders
4  and that they each are a basis for separate calculations of the timeliness of his claims, the court
5  finds that only the first order is a judgment of conviction. The second is an appealable order
6  after the judgment. The next question is which portions of 28 U.S.C. § 2244(d) provide the
7  triggering dates to commence the running of the limitation period.

8  The answer is not as elusive as it might seem. As noted, it is clear that with respect to the
9  December 17, 1998, judgment of conviction, the limitations period began to run the date the
10 conviction became final on direct review or when the time for seeking such review expired. *See*
11 28 U.S.C. § 2244(d)(1)(a). The order revoking probation and revoking the suspension of
12 sentence is analogous to an order finding a petitioner not suitable for release to parole. The
13 Ninth Circuit considered in *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003), which
14 subsection governs the determination of when the limitations period would commence for an
15 order finding him not suitable for parole. In that case, it was clear that the order petitioner
16 challenged was not the judgment of conviction. The only other possibility was § 2244(d)(1)(D),
17 i.e., the date on which the factual predicate the claim could have been discovered through the
18 exercise of due diligence. *Redd*, 343 F.3d at 1083. The Ninth Circuit then had to determine the
19 "factual predicate" of petitioner's claims. Because the factual predicate was an order to deny
20 parole, the question was when in the process that decision was firm enough to justify placing on
21 the petitioner an obligation to seek federal habeas relief.

22 At the time Redd was denied parole, California did not provide for direct judicial review
23 of such decisions. *Id.*, at 1079. However, California did require prisoners to exhaust their
24 claims in the administrative grievance process. *Id.* Upon completion of the administrative
25 grievance process, a prisoner could seek post-conviction relief in California's courts. *Id.* Thus,
26 while the trigger commencing the running of the limitation period was 28 U.S.C. §

1 2244(d)(1)(D), it was measured by the completion of the processes available for a prisoner to
2 obtain review of the decision to be challenged. The appellate court rejected the completion of
3 state post-conviction proceedings "because the date of the 'factual predicate' for Redd's claim . .
4 . is not dependent on when Redd complied with AEDPA's exhaustion requirement. Rather, it is
5 determined by inquiring when Redd could have learned of the factual basis for his claim through
6 the exercise of due diligence." *Redd*, 343 F.3d at 1082. Thus, the limitation period began to run
7 the day after the prisoner's grievance was denied on the highest level of review. *Id.,* at 1084.

8 The similarity between the facts in *Redd* and in this case are plain. Petitioner's challenge
9 to the order revoking parole is not a judgment of conviction. Thus, the question is when
10 petitioner had a basis for knowing that he could challenge the decision, independent of whether
11 he had exhausted his claims. As noted above, petitioner had a limited opportunity to appeal the
12 decision to revoke his probation and suspension or the sentence. He had a factual basis for filing
13 in federal court either when the time for seeking that review expired or when the decision on that
14 review became final. Ultimately, then, although 28 U.S.C. § 2244(d)(1)(D) governs, the analysis
15 resembles that undertaken pursuant to 28 U.S.C. § 2244(d)(1)(A). With these standards in mind,
16 the court turns to the facts of this case.

17 **IV.    Analysis**

18     **A. Timeliness of Claims Challenging Judgment of Conviction**

19 The threshold question is when the judgment of conviction became final. The judgment
20 on direct review becomes final when the 90-day limit for filing a petition for certiorari expires.
21 *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In California, a notice of appeal must
22 ordinarily be filed "within 60 days after the rendition of the judgment or the making of the order
23 being appealed." Cal. Rules of Court, Rule 8.308. Petitioner was convicted and sentenced on
24 December 17, 1998. He filed a notice of appeal on January 15, 1999. Two days later, the
25 appellate court found that petitioner's failure to follow the applicable court rules rendered the
26 notice inoperable. There is no evidence that petitioner ever filed a notice of appeal that complied

7

with the rules. Thus, the judgment of conviction became final February 15, 1999, and petition had until February 15, 2000, to file his federal habeas application. Absent tolling, petitioner's October 20, 2004, federal habeas petition is more than four years and eight months late.

Insofar as petitioner asserts that he is entitled to statutory tolling based on the state habeas petitions in which he challenged his conviction, his assertion fails. The period is tolled once a petitioner properly files a state post-conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). In California, a properly-filed post- conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). The petitioner has the burden of showing facts entitling him to statutory tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). Here, it was not until January 2, 2003, nearly three years after he had to file his federal petition that he filed a state post-conviction motion including a challenge to the conviction itself . Because the limitations period had expired by the time he filed any post- conviction challenges to the conviction, petitioner is not entitled to statutory tolling. All of petitioner's claims related to the judgment of conviction and sentence are untimely.

**B. Claims Challenging Parole Revocation and Time Credit Calculation**

As explained above, the statutory criteria for determining the finality of the order revoking probation and revoking the suspension of the sentence is the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Petitioner had a limited right of appeal, which he exercised, resulting in a slight modification of the trial court's order. Petitioner sought review in the California Supreme Court, which was denied on December 11, 2002. That order was final the date it was filed. Cal. Rules of Court, Rule 8.532(b)(2)(A). Thus, petitioner had until December 11, 2003, to file a federal petition challenging the order to revoke probation. Absent tolling, the October 20, 2004, petition is 314 days late.

Turning to the question of statutory tolling, respondent concedes that the habeas petitions were properly filed post-conviction motions. Therefore, petitioner is entitled to tolling for the entire time he sought state post-conviction relief. Petitioner's November 18, 2002, petition in the appellate court challenging the decision to revoke probation was denied on December 12, 2002, the day after the order was final on direct review. Thus, this provided one day of statutory tolling, and the federal habeas petition had to be filed no later than December 12, 2003. Petitioner is entitled to tolling from January 7, 2003, when he filed his habeas petition in the trial court, until March 17, 2004, when the California Supreme Court denied his petition for review. All counted, this amounts to 435 days' statutory tolling. Petitioner had to demonstrate at least 314 days' tolling, and accordingly, the federal petition is timely.

**C. Failure to Exhaust**

Respondent also contends that petitioner failed to exhaust available state remedies with respect to his claims challenging the revocation of his parole. Petitioner asserts that he did exhaust the available state remedies.

**1. Standards**

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th

1 Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's
2 denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower
3 court's disposition of that appeal to state supreme court).  A dismissal on procedural grounds that
4 leaves the petitioner an opportunity to file in state court again does not satisfy the exhaustion
5 requirement.  *McQuown v. McCartney*, 795 F.2d 807, 810 (9th Cir. 1986).  Unless the
6 respondent specifically consents to the court entertaining unexhausted claims, a petition
7 containing such claims must be dismissed.  *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.
8 For a California prisoner to exhaust, he must present his claims to the California Supreme Court
9 on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus.
10 *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus
11 procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must
12 present claims on appeal to California Supreme Court in a petition for review).

13 **2. <u>Analysis</u>**

14 Respondent concedes that petitioner presented to the California Supreme Court the same
15 claims that he makes in the federal habeas petition.  Respondent argues that this was inadequate
16 to exhaust because the California Supreme Court denied the petition with citations to *In re*
17 *Duvall*, 37 Cal.Rptr. 2d 259, 265 (Cal. 1995) and *In re Swain*, 34 Cal.2d 300, 304 (Cal. 1949).
18 Respondent asserts that petitioner merely failed to plead his case with adequate particularity and
19 the denial was without prejudice to bringing the same claims again, only better stated.  Thus, the
20 court must determine whether citation to *Duvall* and *Swain* signified that petitioner could present
21 his claims again in state court.  If this was the case, then petitioner has failed to exhaust.

22 While the California Supreme Court in *Duvall* states that a habeas petition should "state
23 fully and with particularity the facts on which relief is sought," the case concerns "the legal
24 sufficiency of the *People's return to an order to show cause"* that the appellate court ordered.
25 *Duvall*, 37 Cal.Rptr. at 262 (emphasis added).  In *Duvall*, the petition was adequately pled and
26 the problem was the state's response.  However, the application in *Ex parte Swain*, 34 Cal.2d

10

300, 304 (Cal. 1949), was inadequately pled, and the court denied it without prejudice to filing a new petition. *Swain*, 34 Cal.2d at 304. Citation of these two cases together, suggests that the petition was, in fact, denied on the ground that it was inadequately pled. The California Supreme Court's denial on this ground is a finding that "the petition was procedurally deficient." *Harris v. Superior Court of California*, 500 F.2d 1124, 1128 (9th Cir. 1974). Because the California Supreme Court denied petitioner's state habeas applications with citations to *Swain* and *Duvall*, it did not reach the merits because of a procedural deficiency. Petitioner had the opportunity to submit his claims again. Thus, petitioner failed to exhaust the available state remedies with respect to his claims challenging the order revoking probation.

**V.     Conclusion**

For the reasons explained above, the court finds that petitioner's claims related to his conviction are untimely and should be dismissed. Furthermore, the claims relating to the revocation of probation are not exhausted. Thus, respondent's January 30, 2006, motion to dismiss must be granted.

Accordingly, it hereby is RECOMMENDED that:

1. Respondent's January 30, 2006, motion to dismiss be granted as follows:

   a. All claims challenging the judgment of conviction be dismissed with prejudice on the ground that they are untimely;

   b. All claims challenging the order to revoke probation and to revoke suspension of the sentence be dismissed without prejudice on the ground that petitioner failed to exhaust the available state remedies; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

1 to Magistrate Judge's Findings and Recommendations." Failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
3 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4 Dated: March 7, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

12